William M. VAUGHN, Appellant,

v.

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, and, None Involved, Appellees.**

No. 2–683A216.

Court of Appeals of Indiana,
First District.

Dec. 19, 1983.

Montague M. Oliver, Jr., Dennis K. Frick, Michael C. Ice, East Central Legal Services, Anderson, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellees.

ROBERTSON, Presiding Judge.

William M. Vaughn appeals the Indiana Employment Security Division's decision to deny him unemployment compensation benefits. Vaughn is an ex-serviceman who was seeking unemployment compensation for ex-servicemen (UCX) pursuant to 5 U.S.C. § 8521 *et seq.* (1982). This is a federal program to assist military personnel which is administered by the states who are reimbursed by the federal government for their benefit expenditures.

Vaughn was employed by the United States Army as a defense acquisition radar operator with the rank of private first class. He served from March 18, 1981, through February 17, 1983. Vaughn was involuntarily separated from the service because he was overweight. The Review Board of the Indiana Employment Security Division (Review Board) determined that Vaughn was ineligible for UCX benefits because his separation from the army did not satisfy eligibility requirements in 5 U.S.C. § 8521(a). The Review Board based its decision on the narrative reason for separation given in Item 28 of Vaughn's DD–214 form, which is a certificate of release or discharge from military service. Item 28 specified that Vaughn was separated from the army because of "unsatisfactory performance". The DD–214 form also indicated Vaughn had received an honorable discharge.

Vaughn argues the Review Board's decision was contrary to law because the narrative reason for separation on his DD–214 was ambiguous and did not enable the Review Board to determine whether the circumstances of his separation satisfied the eligibility criteria of 5 U.S.C. § 8521(a)(1)(B)(ii). Vaughn contends the Review Board was required to request clarification of the narrative reason for his separation prior to denying his claim. Vaughn argues the United States Department of Labor, which administers the UCX program in relation to the states, had informed the Indiana Employment Security Division that narrative reasons stated in Item 28 of the DD–214 form were frequently inadequate to determine if a claimant satisfied 5 U.S.C. § 8521 as amended by P.L. 97–362, 96 STAT. § 1726, on October 25, 1982, and that in such cases it should request further information from the appropriate service by filing an ETA 8–43 form. Vaughn refers us to several Unemployment Insurance Program Letters (UIPL) issued by the Department of Labor to support his case.

In response, the Review Board argues it was bound by the reason for separation stated in Item 28 of Vaughn's DD–214,

that various UIPLs pertaining to 5 U.S.C. § 8521(a)(1)(B)(ii) are inapplicable to Vaughn because his separation did not involve any of the situations listed in this subsection, and that its decision was correct because it relied on a separation code designator (SPD) previously authorized by the Department of Labor.[1] Actually, the Review Board has simply begged the question in its first two points, because they are both predicated on the assumption that the narrative reason was unambiguous.

5 U.S.C. § 8521(a) states:[2]

Definitions; application

(a) For the purpose of this subchapter—

(1) "Federal service" means active service (not including active duty in a reserve status unless for a continuous period of 180 days or more) in the armed forces or the Commissioned Corps of the National Oceanic and Atmospheric Administration if with respect to that service—

(A) the individual was discharged or released under honorable conditions (and, if an officer, did not resign for the good of the service); and

(B)(i) the individual was discharged or released after completing his first full term of active service which the individual initially agreed to serve, or

(ii) the individual was discharged or released before completing such term of active service—

(I) for the convenience of the Government under an early release program,

(II) because of medical disqualification, pregnancy, parenthood, or any service-incurred injury or disability,

(III) because of hardship, or

(IV) because of personality disorders or inaptitude but only if the service was continuous for 365 days or more;

The Department of Labor issued two UIPLs to explain this subchapter in light of the amendments made by Pub.L. 97–363. UIPL 9–83 in relevant part reads:

c. *Determining eligibility when a full term of service has not been completed*

(1) If an individual did not complete his/her first full term of enlistment or service, such service may nevertheless qualify as Federal service if the individual was separated for any one of the following reasons:

(a) The convenience of the Government under an early release program,

(b) Medical disqualification, pregnancy, parenthood, or any service-incurred injury or disability,

(c) Hardship, or

(d) Personality disorders or inaptitude, but only if the service was continuous for 365 days or more.

(2) The above information may appear in *items* 12, 18, 23, 25, or *28 of DD Form 214. If so, such active service may be accepted in lieu of "first full term" of active service. However, if such information is not clearly shown on the DD Form 214, the SESA[3] should use the Form ETA 8-43 to verify such information, with the appropriate branch of the service.* (Emphasis added.)

In turn, UIPL 13–83 was issued to further clarify § 8521 by providing answers to questions about the amendments to § 8521. Pertinent parts of UIPL 13–83 read:

1. *Purpose.* To supply answers to significant questions on the UCX Amend-

---

1. Both sides agree the Indiana Employment Security Division is bound by federal law in determining UCX eligibility. Both sides also agree that the applicable law is explained and that the state agencies are directed by the Department of Labor in the UIPLs. The Review Board relies on one letter while Vaughn relies on several others.

2. The Review Board determined Vaughn did not satisfy § 8521(a) without further explanation other than relying on Item 28 of his DD–214.

§ 8521(a)(1)(A) requires that a claimant has received an honorable discharge. § 8521(a)(1)(B)(i) pertains to claimants who have completed their first full term of service and Vaughn had not completed his first full term. Therefore, the only possible reasons for Vaughn's disqualification must fall within § 8521(a)(1)(B)(ii).

3. "SESA" refers to State Employment Security Agencies.

ments of 1982, in order to insure uniform implementation of subject amendments.

4. *Instructions.* The attached questions and answers related to the UCX amendments should be used as a guide in making UCX determinations of eligibility under P.L. 97–362.

3. *Question.* When an individual has not completed a "full term of service," how will the SESA know if the individual's period of service may be determined as Federal service for UCX entitlement under P.L. 97–362?

*Answer.* Ex-service members discharged or released under honorable conditions before completing their first full term of active service will have a period of creditable Federal service, if separated:

(a) for the convenience of the Government under an early release program,

(b) because of medical disqualification, pregnancy, parenthood, or service-incurred injury or disability,

(c) because of hardship, or

(d) because of personality disorder or inaptitude, but only if the service was continuous for 365 days or more.

Entries on the DD Form 214 should provide a narrative reason, such as, "for the convenience of the Government", "because of pregnancy", "because of hardship", "because of inaptitude".

*There may be cases when the narrative does not include one of the specific reasons in (a) through (d) above, when in fact the individual was separated for such reason. In such questionable cases, such as, "reason marginal performance", "because of drug abuse", an ETA 8–43 must be used to verify the claimant's allegations that his/her separation was for one of the reasons in (a) through (d) above.*

*The military service may soon furnish narrative reasons on whether an early release does or does not conform with one of the four categories. In the meantime, the ETA 8–43 will be used.*

4. *Question.* May separation program designators (SPDs) be used to determine Federal service under P.L. 97–362?

*Answer.* SESAs will not use SPDs to determine Federal service under P.L. 97–362. (Refer to item 5.c. (4) of UIPL No. 9–83). (Emphasis added.)

■ Clearly, the narrative reason listed in Item 28 of Vaughn's DD–214, "unsatisfactory performance", is analogous to the example in question 3 of UIPL 13–83, where "reason marginal performance" is given as an inadequate narrative reason.

■ UIPL 13–83 also addresses the Review Board's argument that it was relying on a SPD in making its determination. Initially, we note that the Review Board's decision only addressed Item 28 and the narrative reason without mentioning the SPD; however, the Review Board argues it utilized the SPD in reliance on UIPL 23–82. This letter did authorize the use of SPDs to determine ex-servicemen's eligibility for UCX benefits, but it was issued prior to the 1982 amendments made to § 8521 by Pub.L. 97–362 and prior to the issuance of UIPLs 9–83 and 13–83. The latter documents, particularly UIPL 13–83 at question 4, indicate the SPDs are no longer to be used.

The Review Board's decision is reversed because it was contrary to law, *Skrundz v. Review Bd. of Ind. Employment Sec.,* (1983) Ind.App., 444 N.E.2d 1217. The case is remanded for further action to clarify Vaughn's eligibility.

Reversed and remanded.

RATLIFF and NEAL, JJ., concur.